UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Bankr. Case No. 04-26360 (NLW) |
| SCHAEFER SALT RECOVERY, INC., | Chapter 11 |
|     Debtor-in-Possession. | |

**BRIEF IN SUPPORT OF CAROL SEGAL'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE "FOR CAUSE" PURSUANT TO 11 U.S.C. §§1112(b) AND/OR 105(a)**

                                            CONNELL FOLEY LLP
                                            85 Livingston Avenue
                                            Roseland, New Jersey 07068
                                            (973) 535-0500
                                            Attorneys for Carol Segal

*Of Counsel:*
    Stephen V. Falanga, Esq.

*On the Brief:*
    Stephen V. Falanga, Esq.
    Thomas J. Pasuit, Esq.

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 3 |
| LEGAL ARGUMENT | 6 |
| POINT I | 6 |
| THE COURT SHOULD DISMISS THE DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 1112 BECAUSE THE DEBTOR FILED A PROCEDURALLY IMPROPER BANKRUPTCY PETITION FOR AN IMPROPER PURPOSE | 6 |
| A. The Debtor's Bankruptcy Filing Should Be Dismissed Since It Is Procedurally Improper And Has Caused Prejudicial Delay To Mr. Segal's Lawful Right To Prosecute The Tax Foreclosure Actions | 6 |
| B. The Debtor's Bankruptcy Filing Was Made In Bad Faith And Should Be Dismissed | 10 |
| CONCLUSION | 14 |

i

**TABLE OF AUTHORITIES**

**Page**

*Cases*

In re Newark Airport/Hotel Ltd. Partnership, 156
    B.R. 444 (Bankr.D.N.J.1993) .................................. 10

In re Ravick Corp., 106 B.R. 834 (Bankr. D. N.J.
    1989) ....................................................... 10

In re SGL Carbon Corporation, 200 F.3d 154 (3d.
    Cir. 1999) .................................................. 10

In re Shar, 253 B.R. 621 (Bankr.D.N.J.199) .................... 11

In re Welling, 102 B.R. 720, 722 (Bankr. S.D.
    Iowa 1989) ................................................... 9

In re Y.J. Sons & Co., Inc., 212 B.R. 793, 801
    (D.N.J. 1997) ................................................ 8

Matter of Taylor, 103 B.R. 511, 520 (D.N.J. 1989) ............. 10

*Statutes*

11 U.S.C. §1112(b) ............................................. 1

*Rules*

Federal Rule of Bankruptcy Procedure 1007(a) ................... 1

Local Rule 1002(a)(5) .......................................... 4

**PRELIMINARY STATEMENT**

Carol Segal, by and through his undersigned attorneys, submits this brief in support of his motion to dismiss the instant chapter 11 bankruptcy case for "cause" pursuant to 11 U.S.C. §1112(b) and/or 105(a).

Almost one month ago, on May 12, 2004, the debtor, Schaefer Salt Recovery, Inc. (the "Debtor"), filed a two-page voluntary petition with no schedules. The petition was filed with a number of violations of both the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. For example, although a prerequisite to the filing of a petition with no schedules, the Debtor failed to file a complete list of creditors or a schedule of liabilities as required by Federal Rule of Bankruptcy Procedure 1007(a). In fact, the only party listed on the statement accompanying the Debtor's petition is the law firm representing Mr. Segal in certain tax lien foreclosure actions against property in Union Township, New Jersey, which is <u>not</u> owned by the Debtor but which actions the Debtor contends are stayed by its bankruptcy filing. Significantly, Mr. Segal is <u>not</u> a creditor of the Debtor.

Although the Debtor's failure to comply with the Bankruptcy Rules in connection with the filing of its petition results in little information being presently known about the Debtor, <u>what is known</u> about the facts and circumstances surrounding the

commencement of this case indicates that the Debtor could not possibly have filed for bankruptcy protection with the aims and objectives of bankruptcy reorganization.  Rather, the facts demonstrate that the Debtor appears to have filed for the sole purpose of frustrating the legitimate efforts of Mr. Segal to complete his tax foreclosure actions that have been pending since 1999.

As set forth at length below, the totality of circumstances demonstrates this Debtor did <u>not</u> file for bankruptcy with a proper motive under the Bankruptcy Code.  The Debtor's filing is procedurally improper as well as in bad faith.  The Court should dismiss the petition and enter a bar order prohibiting any further filing for 180 days.

**STATEMENT OF FACTS**

In November, 1999, Carol Segal, commenced three tax lien foreclosure actions in the Superior Court of New Jersey, Union County, against properties known as Lots 15, 17 and 18, Block 405 on the Tax Map of Union, New Jersey (collectively, the "Properties").  See Foreclosure Complaints, attached to the Certification of Stephen V. Falanga (the "Falanga Cert."), as Exhibits A-C.  The Debtor does not own the Properties and its only claim of any interest stems from its allegation that it has obtained an assignment of certain first mortgagee liens on the Properties from First Union National Bank.  See copy of the May 18, 2004 Letter from Nicholas Khoudary to Mr. Segal's tax foreclosure counsel attached as Exhibit F to Falanga Cert.

Significantly, the Debtor was only formed as a corporation on May 4, 2004, a mere eight days before filing for bankruptcy protection on May 12, 2004.  See copy of Corporate Status Search attached as Exhibit I to Falanga Cert.  According to Debtor's new counsel, the Debtor "owns no property, real or personal," except for the mortgages.  See Certification of Karen E. Bezner in Support of Debtor's Motion for Order Extending Time to File Schedules and Statement of Financial Affairs, Docket No. 9.

On the commencement date, the Debtor only filed a two-page voluntary petition with no schedules.  See copy of Debtor's Voluntary Petition attached as Exhibit D to Falanga Cert.  The

3

petition was filed with a number of violations of both the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. Id. For example, although a prerequisite to the filing of a petition with no schedules, the Debtor failed to file a complete list of creditors or a schedule of liabilities as required by Federal Rule of Bankruptcy Procedure 1007(a). Id. In fact, the only party listed on the statement accompanying the Debtor's petition is the law firm representing Mr. Segal in certain tax lien foreclosure actions against Properties. Id.

The Debtor also failed to file: 1) its list of the 20 largest unsecured creditors with the petition as required by Bankruptcy Rule 1007(d); 2) its complete schedules and statements within fifteen (15) days of the Petition as required by Bankruptcy Rule 1007(c); and 3) its statement of equity holders as required by Bankruptcy Rule 1007(b)(3). See Docket of Case. The latter two filings were due on or before May 27, 2004.[1] Id. Finally, the Debtor also failed to file a copy of the corporate resolution authorizing the filing with its petition as required by Local Rule 1002(a)(5).[2] See Exhibit D to Falanga Cert.

---

[1] On May 26, 2004, the Debtor filed an application to extend the time to file its schedules and statements for an additional 30 days or until June 26, 2004.

[2] It should be noted that the Debtor's "attorney of record" for the filing, Nicholas Khoudary, is the same individual who signed the petition as Vice President of the Debtor.

On May 18' 2004, the Debtor's then counsel, Nicholas Khoudary, sent a letter to Mr. Segal's tax lien foreclosure counsel, advising her that the Debtor had filed for bankruptcy and that it had taken an assignment of certain first mortgagee liens on the subject properties from First Union National Bank.[3] See Exhibit F to Falanga Cert. Mr. Khoudary claimed that the tax lien foreclosure actions were stayed as a result of the Debtor's filings and then filed "Notices of Bankruptcy Filing" in Mr. Segal's respective foreclosure actions. Id.

Six days after sending his initial letter, on May 24, 2004, Mr. Khoudary sent another letter to Mr. Segal's tax lien foreclosure counsel, requesting that Mr. Segal agree to assign his tax lien certificates to the Debtor for a reduced price. See copy of the May 24, 2004 Letter from Nicholas Khoudary to Mr. Segal's tax foreclosure counsel attached as Exhibit G to Falanga Cert. In his May 24th letter, Mr. Khoudary suggested that based on certain actions that the Township of Union is contemplating with respect the subject properties, Mr. Segal was "skunked." Since the filing of the "Notices of Bankruptcy Filing" by Mr. Khoudary, Mr. Segal has been prevented from continuing with the foreclosure actions. See Exhibit H to Falanga Cert.

---

[3] Despite demand, to date, Mr. Segal has yet to be provided with copies of the assignments substantiating the Debtor's claims. See copy of Connell Foley's June 8, 2004 letter to Karen Bezner, Esq, counsel for Debtor attached as Exhibit H to Falanga Cert.

5

## LEGAL ARGUMENT

### POINT I

**THE COURT SHOULD DISMISS THE DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 1112 BECAUSE THE DEBTOR FILED A PROCEDURALLY IMPROPER BANKRUPTCY PETITION FOR AN IMPROPER PURPOSE.**

The facts and circumstances surrounding the commencement of this case indicates that the Debtor could not possibly have filed for bankruptcy protection with the aims and objectives of bankruptcy reorganization. Rather, the Debtor's filing is procedurally improper as well as in bad faith. The facts demonstrate that the Debtor appears to have filed for the sole purpose of frustrating the legitimate efforts of Mr. Segal to complete his tax foreclosure actions that have been pending since 1999. When viewing the totality of circumstances, the Debtor did <u>not</u> file for bankruptcy with a proper motive under the Bankruptcy Code. Accordingly, the Court should dismiss the petition and enter a bar order prohibiting any further filing for 180 days.

> **A. The Debtor's Bankruptcy Filing Should Be Dismissed Since It Is Procedurally Improper And Has Caused Prejudicial Delay To Mr. Segal's Lawful Right To Prosecute The Tax Foreclosure Actions.**

Federal Rule of Bankruptcy Procedure 1007 requires a debtor to file its schedules and statement of financial affairs with the petition in a voluntary case. <u>See</u> Fed. R. Bankr P. 1007

6

(b)(1) & (c). The only exception to this rule is when a debtor files a list of all the debtor's creditors and their addresses with the petition, in which case the time to file schedules and the statement of financial affairs is extended for an additional 15 days from the Petition Date. See id. The Debtor has to date failed to comply with this minimal requirement of the Bankruptcy Rules.

The Debtor also failed to file: 1) a copy of the corporate resolution authorizing the filing with its petition as required by Local Rule 1002(a)(5); 2) its list of the 20 largest unsecured creditors with the petition as required by Bankruptcy Rule 1007(d); 3) its complete schedules and statements within fifteen (15) days of the Petition as required by Bankruptcy Rule 1007(c); and 4) its statement of equity holders as required by Bankruptcy Rule 1007(b)(3).

Although the latter two filings were due on or before May 27, 2004, the Debtor has sought an additional thirty day extension without a showing of cause. Remarkably, in support of its application, counsel for the Debtor indicates that former Debtor's counsel, "Mr. Khoudary advises that he has notified the primary creditors of [the Debtor] of the filing of the Chapter 11 petition." See Certification of Karen E. Bezner in Support of Debtor's Motion for Order Extending Time to File Schedules and Statement of Financial Affairs, Docket No. 9. If Mr. Khoudary can

7

notify "the primary creditors of the Debtor" of the filing of the petition, then Mr. Khoudary, as vice-president of the Debtor, should have been able to complete the list of creditors and their addresses to accompany the filing.

Pursuant to Section 1112(b), and on request of a party in interest, the Court may dismiss a case under chapter 11 "for cause," if such dismissal is in the best interest of creditors and the estate. See 11 U.S.C. §1112(b). While "cause" to dismiss a Chapter 11 case is not expressly defined in §1112(b), the Section sets forth the following list of examples:

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

\* \* \* \*

See 11 U.S.C. §1112(b). This list is not exhaustive. See H.R.REP.NO.595, 95$^{th}$CONG., 1$^{st}$SESS.405-406(1977). Rather, "[t]he court will be able to use its equitable powers to consider other factors as they arise, and to…reach an appropriate result in individual cases." Id. Section 1112(b), thus, affords the Bankruptcy Court broad discretion to determine whether "cause" exists for dismissal. See id.; In re Y.J. Sons & Co., Inc., 212 B.R. 793, 801 (D.N.J. 1997).

8

As of the date of this filing, and nearly a month into this case, the Debtor has still not filed its requisite statements and schedules. Indeed, the Debtor has not even filed with the Court a corporate resolution establishing that this bankruptcy filing, which was executed solely by Mr. Khoudary as both Debtor's counsel and its vice-president, is authorized. There appears to have been <u>no</u> effort made to comply with even the most minimum requirements of Chapter 11. Indeed, the meeting of creditors previously scheduled for June 9, 2004 has now been adjourned to June 23, 2004 and the Debtor seeks until June 26 to finally file its required schedules and statements.

Quite simply, if this case is not dismissed, it is possible that over two months will elapse from the filing date without a single shred of information about the Debtor being filed. All the while, Mr. Segal is prevented from lawfully proceeding with his foreclosure actions that have been pending since 1999. For an entity that "owns no property, real or personal," except for the mortgages on the Properties and who has so few creditors that Mr. Khoudary could contact them individually, there is absolutely no basis to permit this case to continue in light of the procedural infirmities with the petition and the prejudicial delay that the filing has visited upon Mr. Segal. <u>See</u>, <u>e.g.</u> <u>In re Welling</u>, 102 B.R. 720, 722 (Bankr. S.D. Iowa 1989) (chapter 13

9

debtor's failure to file schedules, lists and statements in manner and within time prescribed under Federal Rules of Bankruptcy Procedure may, itself, constitute cause to dismiss).

### B. The Debtor's Bankruptcy Filing Was Made In Bad Faith And Should Be Dismissed.

It is well established in Third Circuit that a debtor's bad faith filing of a Chapter 11 petition is sufficient "cause" to warrant dismissal of the case under §1112(b). See In re SGL Carbon Corporation, 200 F.3d 154, 162 (3d.Cir.1999); In re Y.J. Sons & Co., Inc., 212 B.R. at 801; In re Ravick Corp., 106 B.R. 834, 842 (Bankr.D.N.J. 1989); Matter of Taylor, 103 B.R. 511, 520 (D.N.J. 1989).

"Generally the facts surrounding good faith will be determined by circumstantial evidence." In re Y.J. Sons & Co., Inc., 212 B.R. at 801. Since it is unlikely that a debtor will ever acknowledge its own bad faith, "[bankruptcy courts] must reach conclusions about the party's intent from the totality of the circumstances surrounding the filing of the case." Id.; see also In re Newark Airport/Hotel Ltd.Partnership, 156 B.R. 444, 448 (Bankr. D.N.J. 1993) ("The existence of bad faith depends not on any one specific factor but on a combination of factors determined after careful examination of the facts of the particular debtor's case.") Once at issue, the burden falls upon the Debtor to establish, by a preponderance of the

10

evidence, that the petition has been filed in good faith. See In re SGL Carbon, 200 F.3d. at 162, n. 10.

The following factors have been recognized as evidence of a bad faith filing:

(1) The Debtor has only one asset, the Property, in which it does not hold legal title;

(2) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;

(3) The Debtor has few employees;

(4) The Property is the subject of a foreclosure action as a result of arrearages on the debt;

(5) The Debtor's financial problems involve essentially a dispute between the Debtor and the secured creditors which can be resolved in the State Court Action; and

(6) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditor to enforce their rights.

In re Y.J. Sons & Co., Inc., 212 B.R. at 802. The absence of any likelihood of rehabilitation has also been considered grounds for bad faith dismissal. See In re Shar, 253 B.R. 621, 631 n. 5 (Bankr.D.N.J.199); see also In re Y.J. Sons & Co., Inc., 212 B.R. at 802 ("The more objectively clear it is that the debtor cannot reorganize, it is concomitantly more difficult to conclude that the debtor's subjective belief in its ability to reorganize is in good faith.").

11

In *SGL Carbon*, the Third Circuit ordered the dismissal of a Chapter 11 petition because the debtor had filed for bankruptcy not to reorganize its businesses, but rather to obtain a litigation advantage. In re SGL Carbon, 200 F.3d at 169. In so finding, the Third Circuit made clear that the potential for misuse of the benefits afforded by the Bankruptcy Code is substantial and must be strictly guarded against to preserve the integrity of the bankruptcy system. Id.

The Third Circuit in *SGL Carbon*, also made clear that although a finding of "good faith" should be viewed by the totality of the circumstances, the inquiry must focus, at its core, on whether the debtor filed for bankruptcy to serve the fundamental goal of Chapter 11, namely business reorganization:

> ***[A] Chapter 11 petition is not filed in good faith unless it serves a valid reorganizational purpose***. . . . It is easy to see why courts have required Chapter 11 petitioners to act within the scope of the bankruptcy laws to further a valid reorganizational purpose. Chapter 11 vests petitioners with considerable powers – the automatic stay, the exclusive right to propose a reorganization plan, the discharge of debts, etc. – that can impose significant hardship on creditors. When financially troubled *petitioners* seek a chance to remain in business, the exercise of those powers is justified. But this is not so when a petitioner's aims lie outside those of the Bankruptcy Code.

Id. at 165-66 (emphasis added).

12

Virtually all of the same factors noted above are present here.  There is no apparent reorganizational purpose to the Debtor's commencement of this case.  It has no assets other than the mortgages on the Properties and minimal creditors.  Based on what has been made known, it appears the Debtor also has no employees or ongoing business operations.  Instead, from the evidence that is available, it seems that the sole purpose of the Debtor's filing was a "strategy" to delay Mr. Segal's lawful right to complete his tax foreclosure actions and then to attempt to acquire Mr. Segal's interests for a reduced price.  The Debtor should not be permitted to "skunk" Mr. Segal with its abuse of the Bankruptcy Code for its improper motives.

The totality of circumstances demonstrates this Debtor did <u>not</u> file for bankruptcy with a proper motive under the Bankruptcy Code.  The Debtor's filing is procedurally improper as well as in bad faith.  Accordingly, the Court should dismiss the petition and enter a bar order prohibiting any further filing for 180 days.

**CONCLUSION**

Based on all of the above, Carol Segal respectfully requests that the Court enter an Order dismissing the Debtor's Chapter 11 case and enter a bar order prohibiting any further filing for 180 days.

>CONNELL FOLEY LLP
>Attorneys for Carol Segal
>
>By: */s/ Stephen Falanga*
>    Stephen V. Falanga

Dated: June 10, 2004

14